Woodruff, J.
The defendants herein move to set aside the certificate of justification, obtained by the plaintiff on an applica< tion to one of the Justices, ex parte, under the circumstances, which may be briefly stated thus. The action is to recover the possession of personal property. An undertaking having been given to the sheriff, he has taken the property. The defendants excepted to the sureties, and gave notice thereof. The plaintiff gave notice of justification, and the parties appeared at the court room. One of the sureties was examined, and the other refused to answer fully, and an adjournment was had to enable the plaintiff to procure another surety, who should justify. On the further appearance, instead of preparing a new undertaking, the plaintiff’s attorney inserted, in the undertaking previously given, the name of the new surety, and it was signed and acknowledged by him, and he was examined by the defendants’ counsel. Although these proceedings were had in the court room, the papers were, none of them, laid before any Judge of the court. Whether any Judge was in the court room at the time or not, the oath was not administered to the sureties by the Judge, but the statement of the sureties, being reduced to writing, was sworn to by the sureties respectively, before the counsel for the defendants, who is also attorney for one of the defendants, and a commissioner of deeds; and the new bail acknowledged the execution of the undertaking before him. At the time of the alteration of the undertaking by introducing another surety, it does not appear that either of the other parties thereto, (one of whom had been examined, and the other had declined answering in full,) was present or consented to such alteration, though their names were contained therein, and the instrument was thus converted into an -undertaking by three instead of by two, as it was originally executed by them.
After the alteration had been made, and the acknowledgment and examination were completed, the parties separated; upon what terms and upon what understanding is now a matter of dispute. On the part of the plaintiff evidence is given that the counsel for the defendants declared himself satisfied with the undertaking and with the sufficiency of the sureties, and that the plaintiff’s attorney (under the belief that it was not necessary to *651 procure a certificate from a Judge, or to appear formally before a Judge at all, when the defendants’ attorney, as commissioner, had certified to the oath, and as he believed and states had declared himself satisfied,) left without doing any thing further.
On the part of the defendants, it is denied that their attorney or counsel was 'satisfied with the undertaking or the sufficiency of the sureties, or that he did consent to any approval of the undertaking. It is insisted that he consented to administer the oath to the sureties, and to take the acknowledgment, but that he did not in fact intend to waive, nor could he properly be understood thereby to waive, any objection to the sureties or to the undertaking itself.
Uothing further was done for several months, when the sheriff, not having been furnished with any evidence of the approval of the undertaking, requested the defendants’ attorneys to indorse their approval thereon, and each of them declined. After a further delay of more than four months, the plaintiff’s attorney applied to one of the Justices, ex parte, and on an affidavit stating the circumstances as claimed by him, obtained an allowance of the undertaking as sufficient, and a certificate thereof.
The object of the present motion is to set aside that allowance.
It was irregular to apply to a Judge, ex parte, and procure an approval of the undertaking. If an application for such approval was necessary, and no doubt it was, it was a submission of the question, whether the undertaking was a proper one, and the sureties were sufficient, to the Judge for his decision; upon that subject a “ finding” of the Judge was necessary, (Code, § 196,) and this must be had upon notice, (§ 195 and § 210.)
It is not improbable that, if the plaintiff’s counsel had insisted upon going before a Judge at the time the bail were examined, the approval might then have been had, but in the conflict of the affidavits on the subject, I cannot say that any case is made by the plaintiff which should prevent the defendants from insisting upon the irregularity. If there did not now appear any substantial objection to the sureties, or if a clear case of consent to the allowance was established, a new allowance might, perhaps, be ordered, or the ex parte allowance be affirmed, notwithstanding the irregularity; and yet so far as the plaintiff seeks to support the proceedings by proof of the assent of the defendants’ counsel, the *652 conflict of affidavits here well affirms the wisdom of the rule, that consents or assents, given by attorneys or counsel out of court, should be in writing, to prevent uncertainty and misapprehension. But the serious objection to the present undertaking is, that after it had been executed and delivered to the sheriff, and had so far served it spurpose, that, in reliance thereon, he had taken the property, it was altered, by the introduction of another and additional name therein, without the consent of the other parties thereto, or so far as appears, of the sheriff. Although it may be said, that such an alteration after the execution of the instrument tends to the relief and not to the prejudice of the other two sureties who were theretofore bound thereby, it is not clear that for that reason the alteration was as to them immaterial and did not affect their liability. I am. not satisfied that a bond or other instrument given by two, can, without their consent, be converted into a bond or instrument by three or more without impairing its validity. I doubt very much, whether, when the alteration of an instrument after execution is in a material particular, it is proper to inquire whether the parties bound thereby can be prejudiced. It is no longer the same instrument. They have never consented to become so bound. But it is not necessary that I should dispose of this matter upon that ground. The Code is explicit ; section 193 applied to this proceeding by section 210, provides that notice of justification being given as therein mentioned, “in case other bail be given, there shall be a new undertaking in the form prescribed in section 189.” Under this provision, I am clearly of opinion, that the undertaking ought not to have been approved, even if the matter had been regularly presented to the Judge.
If the consent of the defendants’ counsel would operate to prevent his now setting up the objection, that consent is not in writing, and is not clearly proved to have been orally given. The allowance was irregularly obtained. It is at least doubtful whether the undertaking, after having been altered, has any validity ; and I am therefore of opinion that the defendant ought not to be required to rely upon it as his security.
It is proper to add, that this motion is made on notice to the sheriff, and no facts are submitted on his part, raising the question, whether his protection requires that this ex parte allowance should be sustained to- any extent, or whether it can be so sus *653 tained ? It does not appear that he has acted in reliance thereon, nor that he has not the property seized still in his custody.
H. P. Allen, for plaintiff.
Chas. W. Sandford, for defendants.
The allowance of the undertaking must be set aside; the defendants’ costs of this motion, $10, may abide the event of the suit; and the plaintiff may have leave to give a new undertaking within ten days, with proper sureties, who shall justify, on the usual notice, and such leave may be, (if deemed necessary,) made a condition of setting aside the present allowance.